# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MID-AMERICAN SUPPLY CORPORATION, | § § § | |
| *Plaintiff*, | § § | Civil Action No.  4:21-CV-00841 Judge Mazzant |
| v. | § § | |
| TRUIST BANK d/b/a BB&T, | § § | |
| *Defendant*. | § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff Mid-American Supply Corporation's Motion for New Trial (Dkt. #71).  Having considered the motion, the response, and the relevant pleadings, the Court finds that Plaintiff's Motion for New Trial (Dkt. #71) should be **DENIED**.

## BACKGROUND

The facts of this case are fully set out in the Court's Memorandum Opinion and Order deciding the parties' cross-motions for summary judgment (the "Opinion"), which the Court issued on March 8, 2023 (Dkt. #64).  In the Opinion, the Court granted Defendant Truist Bank d/b/a BB&T's ("Truist") Motion for Summary Judgment (Dkt. #20) and denied Plaintiff Mid-American Supply Corporation's ("Mid-American") Motion for Partial Summary Judgment (Dkt. #23).  The Court specifically found that Mid-American's claim for violations of Texas Business and Commercial Code § 4.401 failed as a matter of law because the transactions at issue were "properly payable" within the meaning of the statute (Dkt. #64 at p. 9).  Likewise, the Court found that Mid-American's claim for a declaratory judgment necessarily failed because the underlying cause of action—Mid-American's § 4.401 claim—failed as a matter of law (Dkt. #64 at p. 10).  The Court

entered a Final Judgment in favor of Truist on the same day that it entered the Opinion (Dkt. #65).

Mid-American filed its Motion for New Trial on March 30, 2023 (Dkt. #71) and Truist responded on April 13, 2023 (Dkt. #75).

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for a general motion for reconsideration. *See, e.g.*, *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). A motion asking the Court to reconsider a prior ruling is therefore evaluated either as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or as a motion for relief from a final judgment, order, or proceeding under Federal Rule of Civil Procedure 60(b). *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). The applicable rule depends on when the motion was filed—if the motion was filed within twenty-eight days after the entry of judgment, it is analyzed under Rule 59, and, if it was filed outside of that time, it is analyzed under Rule 60. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam). Mid-American filed its Motion for New Trial, through which it seeks reconsideration of the Court's summary judgment ruling, on March 30, 2023, within twenty-eight days of the Court's entry of final judgment (Dkt. #71). Accordingly, Rule 59(e) applies here.

Rule 59(e) serves the "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). Thus, Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)). Instead, to prevail on a Rule 59(e) motion, the movant must show: (1) a manifest error of law or fact; (2) an intervening change

in controlling law; (3) the availability of new evidence not previously available; or (4) that the motion is necessary to prevent manifest injustice. *See, e.g.*, *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). In this context, a "manifest error of law" is an error "that is plain and indisputable, and that amounts to a complete disregard for controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).

A district court has "considerable discretion" in deciding whether to grant a Rule 59(e) motion. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). That said, relief under Rule 59(e) is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479 ("Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.").

## ANALYSIS

As an initial matter, the Court will construe Mid-American's "Motion for New Trial" as a Rule 59(e) motion to alter or amend judgment. When, as here, summary judgment has been granted, the disposed claims do not proceed to a formal trial, making a "new trial" a logical fallacy. *St. Paul Mercury Ins. Co.*, 123 F.3d at 339; *see also Burbridge v. CitiMortgage, Inc.*, No. 4:19-CV-00647, 2021 WL 2343256, at *1 (E.D. Tex. Mar. 17, 2021) ("Because no trial was held in this case, Rule 59(a) does not apply."). And so, because Mid-American's motion seeks reconsideration of the Court's decision to grant summary judgment in favor of Truist, it is properly construed as a motion under Rule 59(e). *Burbridge*, 2021 WL 2343256, at *1.

Mid-American contends that the Court erred in entering summary judgment in favor of Truist, but Mid-American fails to offer any evidence that was previously unavailable to the Court or to demonstrate an intervening change in controlling law. *Cf. Schiller*, 342 F.3d at 567. Rather, Mid-American merely rehashes arguments that the Court already considered and rejected in ruling

3

on the parties' cross-motions for summary judgment.  Specifically, Mid-American contends that the Court erred in entering summary judgment because genuine issues of material fact exist regarding: (1) Wei Shao Heironimus's authority to access Mid-American's Truist bank account as of 2020 (Dkt. #71  ¶¶ 13–14); (2) the applicability of Texas Business and Commercial Code § 4.406's limitations defense (Dkt. #71 ¶¶ 15–16); and (3) Truist's alleged breach of the Commercial Bank Services Agreement (Dkt. #71 ¶¶ 17–18).  Each of these arguments was fully briefed in Mid-American's motion for partial summary judgment and in its response to Truist's motion for summary judgment (Dkt. #23 at pp. 12–16; Dkt. #26 at pp. 12–16).  After considering those arguments, the Court concluded that summary judgment in favor of Truist was proper (Dkt. #64).  Thus, Mid-American has not established that the "extraordinary remedy" of reconsideration is warranted here as it has not presented any arguments that the Court has not already considered and rejected.  *See Templet*, 367 F.3d at 479. [1]

In the end, Mid-American's motion contains nothing more than a "rehashing [of] evidence, legal theories, or arguments" that the Court has already considered and rejected.  *Id.* at 478–79.  It is for this reason that the Court concludes that Mid-American's motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for New Trial (Dkt. #71) is hereby **DENIED.**

**IT IS SO ORDERED.**

---

[1] Indeed, the exhibits that Mid-American attaches to its Motion for New Trial (Dkt. #71, Exhibits 1–5) are the exact same exhibits that it previously attached to its response in opposition to Truist's motion for summary judgment (Dkt. #26, Exhibits 1–5).

SIGNED this 6th day of June, 2023.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE